# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | |
|---|---|
| NINA BELLE PRITCHARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 5:04CV204-V |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## CONSENT PROTECTIVE ORDER

One of the parties has subpoenaed certain documents in this litigation. One or more of the documents contain sensitive and privileged information. Counsel for the parties have agreed with the producing witness to subject the requested documents to a protective order.

The parties have moved for entry of this Protective Order in order to facilitate the production of the documents without further proceedings.

IT IS, THEREFORE, ORDERED that pursuant to the provisions of Federal Rule of Civil Procedure 26(c), the Court enters this Protective Order upon the Motion of the parties, for the purpose of assuring the confidentiality of certain information which may be disclosed.

1. As used in this Protective Order, the term "sensitive information" includes any information that is disclosed by the parties or their counsel or by witnesses or their counsel in the course of this action and that is designated as "sensitive" by the party or individual disclosing it in one or more of the following ways:

> Information contained in any document or part thereof may be so designated by marking the word "sensitive" on the document or any copy of it delivered to a party or his counsel or by giving written notice to counsel for a party, describing the document or part thereof either specifically or by category.

2. "Sensitive information" disclosed by any witness, or by their counsel, or by the parties, or by counsel to a party during the course of discovery proceedings in this action:

    a. Shall be used by counsel for the parties only for purposes of this action.

    b. Shall not be published to the general public in any form by the counsel, nor used by the counsel for any business or commercial purposes.

    c. Shall be disclosed by counsel for a party only to the following persons:

        (1) The parties and attorney of record for a party, including any staff, or retained consultants and experts of the parties or attorneys of record which represent a party.

        (2) Court reporters or stenographers engaged to record deposition testimony, and their employees.

        (3) Such other persons as hereafter may be authorized by the Court upon motion of a party.

3. A copy of this Protective Order shall be delivered to each of the persons within categories (2) and (3) of paragraph 2 (c) above to whom a disclosure of sensitive information is made, at or before the time of disclosure, by the witness or party making the disclosure or by its counsel. The provisions of this Protective Order shall be binding upon each such person to whom disclosure is made.

4. The provisions of this Protective Order shall not be construed as preventing any disclosure of sensitive information to any judge, magistrate, or employee of this Court for

purposes of this action.

5. Transcripts of depositions which contain sensitive information shall upon motion be sealed by the Clerk of this Court upon their filing. No person other than a judge, magistrate or employee of this Court, or counsel of record shall have access to them without the prior order of this Court.

6. This Protective Order shall not: (a) prejudice in any way the right of a party to object to the production of documents it considers not subject to discovery; or (b) prejudice in any way the right of a party to seek a Court determination (i) whether particular discovery material should be produced or (ii) if produced, whether such material should be subject to the terms of this Protective Order; or (c) prejudice in any way the right of a party or witness to apply to the Court for a further protective order relating to any sensitive information.

7. Upon the conclusion of this litigation, all sensitive information supplied by any producing party or witness and all copies thereof, shall be returned to the producing party or witness or such sensitive discovery material shall be certified to have been destroyed.

8. Nothing in this Protective Order shall preclude a party from offering sensitive information into evidence at the trial of this action.

9. All information subject to sensitive treatment in accordance with the terms of this Protective Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any sensitive information, shall be filed under seal and kept under seal until further order of the Court. Where possible, only sensitive portions of filings with the Court shall be filed under seal.

Nothing in this Protective Order shall be construed to limit the redaction of file and

indexing information in the discretion of counsel for the parties when they deem such redaction necessary for Privacy Act material unrelated to this lawsuit.

The entry of this Protective Order is consented to by the parties to this action.

**SO ORDERED.**

**Signed: September 29, 2005**

_Carl Horn, III_

Carl Horn, III
United States Magistrate Judge