IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:04CV204

| | | |
|---|---|---|
| NINA BELLE PRITCHARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the following Motions and Memoranda: (1) Defendant's Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment, both filed October 20, 2005 [Documents ## 14, 15]; (2) Plaintiff's "Motion for Leave to Amend Pleadings to Include Reply to Defendant's Answer," filed November 7, 2005 [Document # 16]; (3) Plaintiff's Motion for Summary Judgment and Brief in Support of Motion for Summary Judgment and Response to Defendant's Motion for Summary Judgment, both filed November 7, 2005 [Documents ## 17, 18]; (4) Defendant's "Response to Plaintiff's Motion for Leave to Amend Pleadings to Include Reply to Defendant's Answer," filed December 14, 2005 [Document # 31]; (5) Defendant's Response to Plaintiff's Motion for Summary Judgment, filed December 14, 2005 [Document # 32]; and (6) Defendant's "Reply in Support of Motion for Summary Judgment," filed December 14, 2005 [Document # 33]. These Motions are now ripe for disposition by the Court.

Having carefully considered the arguments, the record, and the applicable authority, for the below-stated reasons the Court will <u>deny</u> Defendant's Motion for Summary Judgment, <u>deny</u>

1

Plaintiff's Motion for Summary Judgment, and <u>grant</u> Plaintiff's Motion for Leave to Amend Pleadings.

## I. FACTUAL AND PROCEDURAL HISTORY

On Monday, March 10, 2003, rural postal carrier Raymond Edward Foster ("Foster") was delivering mail in Lenoir, North Carolina. (Pl. Mem. in Supp. Exh. 3, ¶ 8; Foster Dep. pp. 20-21). Foster, driving a specially-equipped, right-hand drive 1992 Subaru Legacy, was a mail carrier and employee of the United States Postal Service, and was acting within the scope of his duties as a rural mail carrier on that morning. (Foster Dep. pp. 10, 19-21).

Also on Monday, March 10, 2003, 68 year old Plaintiff Nina Belle Pritchard ("Plaintiff" or "Pritchard"), residing at 1685 Greasy Creek Road, Lenoir, North Carolina, was caring for three young children. (Pritchard Dep. pp. 15, 41-42). On the previous Saturday, a substitute mail carrier had mistakenly delivered a package to Pritchard's house. (*Id.* pp. 48-49; 83). As a result, on March 10, 2003, Pritchard was watching for Foster in order to give him the package. (*Id.* p. 47). Plaintiff noted that the package was Priority mail and felt she should return it to Foster so that it could be delivered to the proper person. (*Id.* p. 83).

Around 11:20 a.m., Foster pulled his car over to the side of the road to deliver mail to three mailboxes across the road from Pritchard's house. (Foster Dep. pp. 18-19; Pl. Mem. in Supp. Exh. 3, ¶ 8). After Pritchard saw Foster pull his car over in front of these mailboxes, she told the children to sit down, picked up the mis-delivered package, and went out the front door. (Pritchard Dep. p. 47). Pritchard walked across her yard and, after looking both ways to make sure a car was not coming, crossed the road toward Foster's car. (*Id.* pp. 47-48). While she was walking, Pritchard did not look at Foster but rather was looking down to make sure of where she

2

was stepping. (*Id.* pp. 51-52, 73). Pritchard heard a radio playing in Foster's car and did not tap on the car window or otherwise attempt to communicate with him before stepping in front of his car because she assumed he saw her. (*Id.* pp. 77, 89). Pritchard intended to go to the right side of Foster's vehicle where he was seated to hand him the package. (*Id.* pp. 76-77). Pritchard did not attempt to go to Foster's left side window because that side of the vehicle was in the southbound lane of Greasy Creek Road and she was afraid of being hit by a car. (*Id.* p. 77). Moreover, Pritchard did not go behind Foster's car because that route would have required her to walk through briars and brambles. (*Id.* pp. 48-49).

As Pritchard got to the front of Foster's car, Foster, without looking in front of his vehicle, started to pull into the southbound lane of Greasy Creek Road by letting off the brake and pushing on the accelerator. (Pritchard Dep. 53; Foster Dep. pp. 23-24). As he took his foot off the brake, Foster was either looking down or glancing in his side view mirror. (Foster Dep. p. 23). Pritchard did not have time to move out of the way and Foster's car hit Pritchard, knocking her into the ditch adjacent to the mailboxes. (Pritchard Dep. p. 53). As a result, Pritchard suffered numerous injuries, including a broken arm and leg, which required surgery and hospitalization.[1] (Pritchard Dep. p. 29; Pl. Mem. in Supp. ¶ 10).

## II. DISCUSSION

**A.     Summary Judgment**

Defendant now moves for summary judgment, arguing that since Plaintiff was

---

[1] It is disputed between the parties whether, after Foster got out of his car to assist Pritchard, Pritchard told Foster that the accident was as much her fault as it was his. (Def. Mem. in Supp. of Mot. for Summ. Judgm. p. 3; Pl. Br. in Supp. of Mot. for Summ. Judgm. p. 7). Since the Court is denying both Plaintiff's and Defendant's Motions for Summary Judgment, a determination of whether such statement was or was not made is a question to be made by a fact-finder.

contributorily negligent, the United States has a complete defense against Plaintiff's claims of liability. (Def. Mem. in Supp. of Mot. for Summ. Judgm. pp. 3-8). Plaintiff likewise moves for summary judgment, contending that Foster was negligent as a matter of law, that Plaintiff was not contributorily negligent, and, in any event, even if Plaintiff was contributorily negligent, Defendant had the last clear chance to avoid striking her with his vehicle and, thus, is not entitled to summary judgment. (Pl. Br. in Supp. of Mot. for Summ. Judgm. pp. 2-10).

1. **Standard of Review**

Rule 56(c) of the Federal Rules of Civil Procedure permits the entry of summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A genuine issue exists only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. But the party opposing summary judgment may not rest upon mere allegations or denials, and a "mere scintilla of evidence" is insufficient to overcome summary judgment. *Id.* at 249-50. Moreover, when the movant supports its motion for summary judgment by affidavits, the adverse party may not rest upon the mere allegations or denials of their pleading, but the adverse party's response must be supported by affidavits or as otherwise provided by Rule 56 and must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e).

Courts, in considering motions for summary judgment, view the facts and inferences in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 255; *Miltier v.*

*Beorn*, 896 F.2d 848 (4th Cir. 1990); *Cole v. Cole*, 633 F.2d 1083 (4th Cir. 1980). Summary judgment is thus proper where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted). When considering cross-motions for summary judgment, a court evaluates each motion separately using the standard set forth above. *Local 2-1971 of Pace Int'l Union v. Cooper*, 364 F. Supp. 2d 546, 554 (W.D.N.C. 2005).

    2.    **Cross Motions for Summary Judgment**

Plaintiff's lawsuit arises pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq.* ("FTCA"). (Compl. ¶ 3). The FTCA provides that the United States shall be liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. "Actions brought under this statute are governed by the substantive law of the state in which the alleged wrongful conduct occurred." *Reynolds v. United States*, 805 F. Supp. 336, 339 (W.D.N.C. 1992) (citing 28 U.S.C. § 1346(b); *Starns v. United States*, 923 F.2d 34 (4th Cir.); *cert. denied*, 502 U.S. 809, 112 S. Ct. 54, 116 L. Ed. 2d 31 (1991)). The alleged wrongful conduct here occurred in North Carolina. (Compl. ¶¶ 3, 5-6). Accordingly, North Carolina law governs Plaintiff's lawsuit.

    a.    **Foster's negligence**

In order to establish a claim for negligence, a plaintiff must show by a preponderance of the evidence that defendant owed her a duty of care, defendant's conduct breached that duty, the breach was the actual and proximate cause of plaintiff's injury, and damages resulted from the injury. *Reynolds*, 805 F. Supp. at 340; *Southerland v. Kapp*, 59 N.C. App. 94, 95, 295 S.E.2d

5

602, 602 (1982) (citing *Coltraine v. Hospital*, 35 N.C. App. 755, 757-58, 242 S.E.2d 538, 540 (1978)).

Plaintiff here argues that Foster violated both his statutory and common law duty to detect Plaintiff's presence and to avoid running over her when he failed to keep a proper lookout before moving his vehicle and by failing to sound his horn as a warning to Plaintiff. (Pl. Br. in Supp. of Mot. for Summ. Judg. p. 4).

North Carolina law provides:

> The driver of any vehicle upon a highway or public vehicular area before starting, stopping or turning from a direct line shall first see that such movement can be made in safety, and if any pedestrian may be affected by such movement shall give a clearly audible signal by sounding the horn. . . .

N.C. GEN. STAT. § 20-154(a). However, the statute further provides that a violation of this section "shall not constitute negligence per se." N.C. GEN. STAT. § 20-154(d). Therefore, the fact that Foster admits he did not look ahead of his vehicle before pressing the accelerator, and Foster's failure to sound the horn to warn Plaintiff is not negligence *per se* under Section 20-154(a).

Even in the absence of statutory requirements, though:

> '[I]t is the general rule of law that the operator of a motor vehicle must exercise ordinary care, that is, that degree of care which an ordinarily prudent person would exercise under similar circumstances. And in the exercise of such duty it is incumbent upon the operator of a motor vehicle to keep same under control, and to keep a reasonably careful lookout, so as to avoid collision with persons and vehicles upon the highway. This duty also requires that the operator must be reasonably vigilant, and that he must anticipate and expect the presence of others.' *Adams v. Beaty Service Co.*, 237 N.C. 136, 141, 74 S.E.2d 332, 336. It is the duty of a driver not merely to look but to keep a lookout in the direction of travel; 'and he is held to the duty of seeing what he ought to have seen.' *Wall v. Bain*, 222 N.C. 375, 379, 23 S.E.2d 330, 333.

6

*Bowen v. Gardner*, 275 N.C. 363, 367, 168 S.E.2d 47, 50-51 (1969).

The Court acknowledges that the circumstances of this case are somewhat unique, in that Foster was driving a specially-equipped, right-hand drive car and was involved in the delivery of mail to roadside mailboxes immediately prior to the accident. Although the Court finds it significant that Foster admits that he did not look up when he took his foot off the brake and began to move into the southbound lane of Greasy Creek Road,[2] the Court further finds that due to the unique circumstances of this case, it cannot find as a matter of law that Foster was negligent. Rather, it is an issue for a fact-finder to determine whether, considering all relevant circumstances, Foster acted with the same degree of care that an ordinarily prudent person would exercise under similar circumstances. *See Lindsay v. Public Service Co. of N.C., Inc.*, 725 F. Supp. 278, 281 (W.D.N.C. 1989) (noting that matters involving negligence claims are ordinarily not good candidates for disposition by summary judgment). Therefore, Plaintiff's Motion for Summary Judgment must be <u>denied</u>.

    **b.  Contributory negligence**

Even if a plaintiff is able to establish a claim of negligence, it is well-settled in North Carolina that such claim will be barred if the plaintiff failed to exercise ordinary care for her own safety and that failure contributed to her injury. *Hicks v. Food Lion, Inc.*, 94 N.C. App. 85, 90, 379 S.E.2d 677, 680 (1989) (citing *Smith v. Fiber Controls Corp.*, 300 N.C. 669, 268 S.E.2d 504 (1980)). The standard for contributory negligence is an objective one - the care an ordinarily prudent person would have exercised under the same or similar conditions to avoid injury. *Culler v. Hamlett*, 148 N.C. App. 372, 377, 559 S.E.2d 195, 200 (2002).

---

[2] Foster Dep. p. 23.

Here, Defendant argues that Plaintiff was contributorily negligent by crossing in front of Foster's car without notifying him of her presence. Defendant contends that "in light of the facts of which Plaintiff admits she was aware, particularly Foster's pattern of stopping and starting within a short period of time, an ordinarily prudent person in Pritchard's position would have made some effort to ensure that [Foster] was aware of her presence before crossing in front of his car at the very time he was likely to pull away." (Def. Mem. in Supp. of Mot. for Summ. Judgm. p. 7). In support of this contention, Defendant points to various cases where North Carolina courts found plaintiffs, who were hit by automobiles, to be contributorily negligent. However, the Court does not find these cases analogous to the one at bar.

For example, in *Blake v. Mallard*, 262 N.C. 62, 136 S.E.2d 214 (1964), the plaintiff was walking diagonally across a six-lane highway when she saw a vehicle two hundred yards away, approaching at sixty miles an hour, and walked into the path of the automobile. *Id.* at 65, 136 S.E.2d at 217. Moreover, in *Anderson v. Carter*, 272 N.C. 426, 158 S.E.2d 607 (1968), the court found the plaintiff contributorily negligent where, before crossing the road, the plaintiff saw the lights of a car 275 to 300 feet away, plaintiff knew that the car was going 50 to 55 miles per hour, and the "evidence shows conclusively that the only effort made by him [to get out of the way] was to continue walking across the path of the oncoming vehicle at the same pace at which he started to cross the street." *Id.* at 431, 158 S.E.2d at 611. In *Charles v. Dougal*, 685 F. Supp. 508 (E.D.N.C. 1988), the court granted summary judgment for the defendant where the plaintiff made a U-turn on the highway after observing an item blow out of his car window, pulled over to the shoulder of the road, and ran into the highway to retrieve the paper, at which time he was struck by defendant's automobile. *Id.* at 509. The *Charles* court noted,

8

> In the present case, Charles was, until his exit from the automobile, a motorist. Thus, he became a pedestrian only seconds before impact. There was absolutely nothing to put Dougal on notice that Charles would suddenly open his door, jump out of his car, and dash into her path. . . . A driver is not under a duty however, to anticipate that the driver of a preceding car will suddenly pull to the shoulder of the road, open the door, and jump out in front of her.

*Id.* at 512. In *Culler v. Hamlett*, 148 N.C. App. 372, 559 S.E.2d 195 (2002), the court found a plaintiff contributorily negligent where, after observing the headlights of defendants' vehicle approximately 300 yards away, plaintiff walked across the road and was struck by defendants' automobile. *Id.* at 373-74, 559 S.E.2d at 197. Finally, in *Seay v. United States of America*, No. Civ. A. 3:04CV00001, 2004 WL 2944130 (W.D. Va. Dec. 2, 2004), the court found plaintiff contributorily negligent where she operated her vehicle carelessly, unwisely attempted to pass a U.S. Mail truck at a relatively high speed, and crashed into the Mail truck when the defendant made a left turn. *Id.* at *3.

In the instant case, the Court cannot find as a matter of law that Plaintiff was contributorily negligent. It is clear that summary judgment is rarely granted on the issue of contributory negligence. In fact, "[o]nly when Plaintiff's own evidence discloses contributory negligence so clearly that no other conclusion can be reached should summary judgment be granted." *Richardson v. General Motors Corp.*, 223 F. Supp. 2d 753, 758 (M.D.N.C. 2002) (citing *Morgan v. Cavalier Acquisition Corp.*, 111 N.C. App. 520, 432 S.E.2d 915 (1993)). "The existence of contributory negligence is ordinarily a question for the jury; such an issue is rarely appropriate for summary judgment, and only where the evidence establishes a plaintiff's negligence so clearly that no other reasonable conclusion may be reached." *Martishius v. Carolco Studios, Inc.*, 355 N.C. 465, 562 S.E.2d 887, 896 (2002).

Unlike the cases cited by Defendant, Plaintiff here did not walk into the path of an oncoming car, nor was she operating a vehicle at the time of the accident. Rather, Foster's car was not moving when Plaintiff stepped into the road, Foster's car remained stationary as Plaintiff crossed in front of it, and Foster's car was straddling both the roadway and the shoulder at the time he was delivering mail. Since Plaintiff's own evidence does not clearly establish her contributory negligence, whether Plaintiff's actions of crossing in front of Foster's car constitutes contributory negligence is an issue that must be determined by a fact-finder. Therefore, Defendant's Motion for Summary Judgment is hereby <u>denied</u>.

      **c.**      **Last clear chance doctrine**

Plaintiff further argues that if the Court finds that she was contributorily negligent, then the last clear chance doctrine applies. (Pl. Br. in Supp. of Mot. for Summ. Judgm. pp 8-10).

Where an injured pedestrian is found to be contributorily negligent, she can invoke the "last clear chance" or "discovered peril" doctrine against the defendant by establishing that: (1) the pedestrian negligently placed herself in a position of peril from which she could not escape by the exercise of reasonable case; (2) the motorist knew, or by the exercise of reasonable care could have discovered, the pedestrian's perilous position and her incapacity to escape from it before the endangered pedestrian suffered injury at the hands of the motorist; (3) the motorist had the time and means to avoid injury to the endangered pedestrian by the exercise of reasonable care after he discovered, or should have discovered, the pedestrian's position and inability to escape from it; and (4) the motorist negligently failed to use the available time and means to avoid injury to the endangered pedestrian, and for that reason struck and injured him. *Culler*, 148 N.C. App. at 378, 559 S.E.2d at 200 (quoting *Vancamp v. Burgner*, 328 N.C. 495, 498, 402

S.E.2d 375, 376-77, *reh'g denied*, 329 N.C. 277, 407 S.E.2d 854 (1991)).  In situations where the last clear chance doctrine applies, the focus is not on the initial negligence of the defendant or the contributory negligence of the plaintiff, but rather the doctrine "'contemplates that if liability is to be imposed, the defendant must have a last clear chance to avoid injury.'" *Culler*, 148 N.C. App. at 379, 559 S.E.2d at 200-01 (quoting *Grant v. Greene*, 11 N.C. App. 537, 541, 181 S.E.2d 770, 772 (1971)).  "The issue of last clear chance, '[m]ust be submitted to the jury if the evidence, when viewed in the light most favorable to the plaintiff, will support a reasonable inference of each essential element of the doctrine.'" *Culler*, 148 N.C. App. at 379, 559 S.E.2d at 200 (quoting *Kenan v. Bass*, 132 N.C. App. 30, 32-33, 511 S.E.2d 6, 7 (1999)).

Since the Court concluded that it cannot determine as a matter of law whether Plaintiff's actions constitute contributory negligence, it likewise cannot determine the applicability of the last clear chance doctrine.

In sum, the Court finds that the issues of whether Foster was negligent, whether Plaintiff's actions constitute contributory negligence, and whether the last clear chance doctrine applies to this case cannot be determined as a matter of law.  Therefore, both Defendant's Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment must be <u>denied</u>.

**B.     Plaintiff's Motion for Leave to Amend Pleadings to Include Reply to Defendant's Answer**

Plaintiff asks the Court for leave to file a reply to Defendant's Answer in order to plead the last clear chance doctrine.  Defendant opposes Plaintiff's Motion, contending that Plaintiff would not be asserting new facts in the requested Reply, and Plaintiff is not required to plead the doctrine of last clear chance in order to preserve it as a defense to contributory negligence.

11

Although Plaintiff states a desire to file a "Reply" to Defendant's Answer, the Court construes this Motion as a request by Plaintiff for leave to file an amended complaint. Once a defendant files a responsive pleading to a plaintiff's complaint, the plaintiff may amend his complaint only by leave of the court or by written consent of the defendant. FED. R. CIV. P. 15(a). Moreover, "leave shall be freely given when justice so requires." *Id.* "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, – F.3d –, 2006 WL 348289 at *14 (4th Cir. Feb. 16, 2006) (citing *Conley v. Gibson*, 355 U.S. 41, 48, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). In sum, leave to amend should only be denied where the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. *Id.* (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Whether an amendment is prejudicial is often determined by the nature of the amendment and its timing. *Id.* For example, an amendment would be prejudicial if it raises a new legal theory that would require the gathering and analysis of facts not already considered by the defendant and that is offered shortly before or during trial. *Id.*

In the instant case, Defendant does not argue that the amendment would be prejudicial and, in fact, notes that Plaintiff is not attempting to aver new facts by amending her Complaint. Moreover, the Court does not see any prejudice resulting to the Defendant by allowing Plaintiff to amend her Complaint to add the last clear chance defense, especially in light of the fact that Defendant admits Plaintiff is not adding new facts and this matter is not scheduled for trial until

November of 2006.³ Therefore, the Court finds that Plaintiff's Motion for Leave to Amend Pleadings should be <u>granted</u>.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Summary Judgment is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Pleadings to Include Reply to Defendant's Answer is hereby **GRANTED**. Plaintiff has fourteen (14) days from the date of this Order to file her Amended Complaint.

Signed: May 24, 2006

Richard L. Voorhees
Chief United States District Judge

---

³Plaintiff is not required to plead the last clear chance doctrine in her Complaint to preserve it for trial. FED. R. CIV. P. 8(a). However, in the interest of permitting liberal amendments to pleadings, the Court will permit Plaintiff to revise her Complaint to add the last clear chance doctrine defense.